

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00184-CV

KATHRYN A. MURPHY, APPELLANT

V.

JUAN TERRAZAS, APPELLEE

On Appeal from the County Court at Law No. 1
Johnson County, Texas
Trial Court No. CC-C20180014, Honorable Robert B. Mayfield, Presiding

January 4, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This is an appeal by Kathryn A. Murphy from a judgment awarding Juan Terrazas possession of a house. The latter purchased the house through a foreclosure sale, and Murphy was its previous owner and then occupant when Terrazas initiated his forcible-detainer suit to remove her. Murphy's issues on appeal involve an attack upon the

sufficiency of the evidence to support the trial court's judgment, the purported denial of a continuance, and her assertion of a retaliation claim against Terrazas. We affirm.[1]

*Legal Sufficiency of the Evidence*

Murphy's initial argument appears to be one questioning the sufficiency of the evidence underlying the trial court's judgment. Rather than complain about whether Terrazas proved the elements of a forcible-detainer action, though, she asserts that the trial court failed to give equal weight to the evidence she presented and accepted "dishonest statements" by Terrazas as the truth. The purported evidence to which the trial court did not afford equal weight concerned such things as whether Terrazas 1) had agreed to sell the house to her, 2) made sexual advances toward her, and 3) withdrew from the agreement to sell the house once she spurned his advances.[2]

Murphy accompanied none of these purportedly factual allegations with citation to the appellate record. Indeed, none of the allegations contained in either the "statement of facts" or other parts of her appellate brief contained citations to the appellate record, much less to evidence underlying her factual assertions. Nor did she testify at the trial

---

[1] Because this appeal was transferred from the Tenth Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

[2] Murphy described her issue as follows:

Did the trial court give the Appellant's testimony the same weight and consideration as it did to Mr. Terrazas['s] testimony, in this situation, such that the decision below lacks legal sufficiency? In other words, did the trial court fail to get to the truth of the matters at issue or were dishonest statements openly presented in court and overlooked/accepted as the truth?

The summary of her argument consisted of the following:

The trial judge erred in excluding and failing to consider critical evidence that was presented at the hearing. His failure to even question Mr. Terrazas in an effort to interrupt his continual lying, was very disturbing and should be revisited. The judge held Ms. Murphy to the rule of law, so, therefore, it is unfair and unjust that Mr. Terrazas was afforded the opportunity to lie and construe his statements as he wished.

giving rise to the judgment at issue here. Terrazas was the only witness at the proceeding, and he said nothing about having previously agreed to sell the house or making sexual advances.

In short, the relief Murphy seeks from us is dependent upon our consideration of evidence that does not appear in the appellate record. Such evidence, though, is beyond our purview. In other words, we are barred from considering evidence that falls outside the appellate record. *In re Marriage of Vick*, No. 07-15-00019–CV, 2016 Tex. App. LEXIS 11975, at *15 (Tex. App.—Amarillo Nov. 3, 2016, no pet.) (mem. op.). Thus, we overrule her first issue.

*Denial of Motion for Continuance*

Murphy next contends the trial court erred in denying her a continuance. We overrule the issue, as well.

Again, she failed to provide us citation to the record. Thus, we were not told where in the record she or her counsel broached the topic of a continuance to the trial court. Nor did our own review of the short appellate record before us disclose that she (or her trial counsel) asked the trial court, either orally or in writing, for a continuance, much less that the request was denied. Murphy had the burden to provide this court with an appellate record sufficient to demonstrate reversible error. *See O & G Mgmt., Ltd. v. Hipkins*, No. 07-04-0020-CV, 2005 Tex. App. LEXIS 8399, at *3 (Tex. App.—Amarillo Oct. 11, 2005, no pet.) (mem. op.). Her having failed to meet that burden, we have no choice but to reject her contention regarding the denial of a continuance.

*Retaliation by Landlord*

Lastly, Murphy asserts that Terrazas impermissibly retaliated against her by refusing to further negotiate the sale of the house once his advances were spurned. She cited us to nothing of record indicating that the claim was broached to or addressed by the trial court. Nor did our own review of the appellate record reveal that it was presented below. We are not a fact-finding tribunal. *Kubala Pub. Adjusters, Inc. v. Unauthorized Practice of Law Comm.*, 133 S.W.3d 790, 794 (Tex. App.—Texarkana 2004, no pet.). Thus, our authority excludes the ability to adjudicate causes of action or defenses to causes of action raised for the first time on appeal. And, even if we had such authority, we could not exercise it in a manner favorable to Murphy given the absence within the appellate record of any competent evidence supporting her claim of retaliation. So, we must overrule Murphy's final issue.

The judgment of the trial court is affirmed.

Brian Quinn
Chief Justice